IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOBBY J. MOTTON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | 4:07cv3057 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MICHAEL THURBER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on initial review and the plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP") (filing no. 2). The plaintiff, Bobby J. Motton, Sr., a prisoner on work release, protests his loss of good-time credit for the alleged violation of "absent without authorization." The plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, stating that he was not guilty of the violation, and he seeks reversal of the disciplinary sanction and restoration of his good time.

This case demonstrates the difficulty of explaining to a confined person precisely which claims must be brought in a habeas corpus action, and which may be presented in a civil rights action pursuant to 42 U.S.C. § 1983. In this case, the plaintiff may not litigate his loss of good time in a civil rights action pursuant to § 1983 because of the principles expressed by the U.S. Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994) and in Edwards v. Balisok, 520 U.S. 641 (1997).

The rule established in Heck v. Humphrey and Edwards v. Balisok, is that if success on the merits of a civil rights claim would implicate the validity of the plaintiff's conviction or of his continued confinement, the civil rights claim must be preceded by a favorable outcome in a habeas corpus or similar proceeding. Absent a favorable result in a habeas

1

corpus or similar challenge, the plaintiff may not use 42 U.S.C. § 1983 to attack a conviction or a prison disciplinary measure, even indirectly, if a victory in the § 1983 action could cast doubt on the validity or continued duration of the plaintiff's confinement.[1] See also Muhammad v. Close, 540 U.S. 749, 750-51 (2004):

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. **Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus**, Preiser v. Rodriguez, 411 U.S. 475, 500 ... (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In Heck v. Humphrey, 512 U.S. 477 ... (1994), we held that **where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence**, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. Accordingly, in Edwards v. Balisok, 520 U.S. 641 ... (1997), **we applied Heck in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served.** In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies.

(Emphasis added.)

Accordingly, because the plaintiff has brought the wrong kind of action in a legal area which is highly obscure and complicated, this court will dismiss this action without

---

[1] What that means is that a plaintiff may not bring a civil rights claim which, if he were to win, would suggest that the forfeiture of his good time was erroneous. Good time can affect the date of release, and all matters having to do with release from prison must first be addressed in a habeas corpus or similar action before a civil rights case may be brought on the same facts.

prejudice, and the plaintiff is free to present his claims in a habeas corpus framework, after exhausting his claims in the state appellate courts of Nebraska. The plaintiff's Motion to Proceed IFP will be denied as moot, and thus, no order will be entered directing collection of a filing fee.

THEREFORE, IT IS ORDERED:

1. That the above-entitled case and the plaintiff's complaint are dismissed without prejudice;

2. That filing no. 2 is denied as moot; and

3. That judgment will be entered accordingly.

April 17, 2007.                    BY THE COURT:

                                   s/ *Richard G. Kopf*
                                   United States District Judge